20 Kan. App. 2d 559 (1995)
In the Interest of K.D.O.
No. 71,357
Court of Appeals of Kansas.
Opinion filed February 17, 1995.
John W. McClelland and J. Bradley Pace, of King Burke Hershey Farchnin and Schlomann, of Kansas City, Missouri, for appellant.
Edward L. Winthrop, of Mission, for appellee.
Before BRAZIL, P.J., LEWIS and ROYSE, JJ.
BRAZIL, J.:
Gentle Shepherd Child Placement Services, Inc., (Gentle Shepherd) appeals from an order refusing to terminate the parental rights of K.D.O.'s natural father pursuant to K.S.A. 59-2136(h)(4). We affirm.
Shortly after discovering she was pregnant, the natural mother informed the putative father about the pregnancy. They discussed abortion as an option; however, at some point the mother changed her mind and decided to put the child up for adoption. The father was opposed to the adoption plan and argued against it, indicating his desire to keep the child.
Two days after giving birth to K.D.O., the mother executed a relinquishment of her minor child to Gentle Shepherd. The mother's *560 husband also executed relinquishment of K.D.O. to Gentle Shepherd.
Twelve days later, Gentle Shepherd filed a petition for termination of the father's parental rights pursuant to K.S.A. 59-2136(h)(4). After an evidentiary hearing, the trial court denied the petition. Gentle Shepherd filed a motion to reconsider, which was also denied.
Under K.S.A. 59-2136(h)(4), parental rights may be terminated if the trial court finds, upon clear and convincing evidence, that "the father, after having knowledge of the pregnancy, failed without reasonable cause to provide support for the mother during the six months prior to the child's birth." Conversely, where a trial court has found that a father has failed to provide support for the mother during the six months prior to the child's birth, but has a reasonable cause for such failure, K.S.A. 59-2136(h)(4) may not serve as a ground for terminating his parental rights.
A trial court's order terminating parental rights under K.S.A. 59-2136(h)(4) will be upheld if it is supported by substantial competent evidence. In re Baby Boy N., 19 Kan. App.2d 574, 586, 874 P.2d 680, rev. denied 255 Kan. ___ (1994), cert. denied November 28, 1994. An appellate court does not weigh the evidence or pass upon the credibility of witnesses. This court must review the evidence in the light most favorable to the party prevailing below. 19 Kan. App.2d at 586.
Certain tests and rules apply in proceedings to terminate parental rights under K.S.A. 59-2136(h)(4). Neither the best interests of the child nor the fitness of the nonconsenting parent are controlling factors. All relevant surrounding circumstances must be considered and may include the father's conduct more than six months before the birth of the baby. 19 Kan. App.2d at 586-87. See also In re Guardianship of Williams, 254 Kan. 814, 826, 869 P.2d 661 (1994), holding that absent highly unusual circumstances, the best interests of the child test has no application in determining whether a parent, not found to be unfit, is entitled to custody as against a third-party nonparent.
It is undisputed that except for $100 which he gave to the mother, the father did not provide her with any support during *561 her pregnancy. However, the father testified that when the mother informed him that she was not going to have an abortion, he told her that he would support her and the baby. Specifically, he offered money, the use of his vehicle if she needed a ride, and to obtain other items for the baby. He offered to drive the mother to the hospital when the baby was due. In addition, the father offered to marry the mother and pay for her divorce from her present husband. The father testified that he contacted the mother throughout her pregnancy except for a brief period when her phone was disconnected. He stated that at some point she refused to let him come and visit her. The father testified that the mother refused all offers of support.
The mother testified that the father offered to provide support including use of his car if she needed a ride but that she did not want to be bothered by his offers. She stated, "I pretty much just shut him out and it was just myself and the social worker working towards that goal of getting through the pregnancy."
The trial court found that although the father failed to provide support to the mother during her pregnancy, he had a reasonable cause for his failure, namely, the mother's refusal to accept his offers of support. Substantial competent evidence supports the trial court's finding that the father had a reasonable cause for his failure to provide the mother with support in the six months preceding the child's birth.
Gentle Shepherd argues this case is similar to In re Baby Boy N., 19 Kan. App.2d 574, a case in which this court upheld the termination of a natural father's parental rights under K.S.A. 59-2136(h)(4). However, the evidence before the trial court in that case showed that the natural father terminated his relationship with the natural mother after learning of the pregnancy. He never inquired about the needs of the natural mother or offered her any support in the six months before the child was born. Nor was evidence presented which showed that the natural mother would have refused support had the natural father offered it.
Here, in contrast, the father's testimony suggests he offered to provide the mother support during her pregnancy, even offering to marry her, but that she refused all offers of support. The mother's *562 own testimony suggests she rebuffed his offers of support in favor of proceeding with the adoption plan. Where a trial court finds that a father's reasonable efforts to provide support for the mother during the six months prior to the child's birth have failed because of interference by the mother, an adoption agency, or the adoptive parents, K.S.A. 59-2136(h)(4) should not operate to terminate his parental rights. 19 Kan. App.2d at 585. See also In re Adoption of Baby Boy B., 254 Kan. 454, 465, 866 P.2d 1029 (1994) ("The district court properly considered her [natural mother's] refusal as a factor in determining if the father provided support to the mother.").
While the mother offered evidence that the father did not have a reasonable cause for his failure to provide support, the trial court chose to believe the father's version of events. This court does not weigh evidence or pass on the credibility of witnesses. See Manhattan Mall Co. v. Shult, 254 Kan. 253, 257, 864 P.2d 1136 (1993).
Affirmed.